**4(m)IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **LUKA VOLKOV,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-00229** |
| | ) | **Judge Aleta A. Trauger** |
| **META PLATFORMS, INC., MARK ZUCKERBERG, SHERYL SANDBERG, and JOHN/JANE DOES 1-10,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM</u>**

Before the court are plaintiff Luka Volkov's Objections (Doc. No. 94) and Supplemental Objections (Doc. No. 96) (collectively, "Objections") to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 93), which recommends that the Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 84), filed by defendants Meta Platforms, Inc. ("Meta"), Mark Zuckerberg, and Sheryl Sandberg (collectively, the "moving defendants"), be granted on the basis that the court lacks personal jurisdiction over the moving defendants. The R&R also recommends that the plaintiff be directed to show cause why the claims against the unidentified John/Jane Doe defendants should not be dismissed for failure to effect timely service of process under Federal Rule of Civil Procedure 4(m). Along with his Supplemental Objections, the plaintiff filed a Motion for Leave to File Third Amended Complaint ("Motion to Amend") and a proposed Third Amended Complaint. (Doc. Nos. 97, 97-1.) The moving defendants filed an Omnibus Response in opposition to both the plaintiff's Objections and his Motion to Amend. (Doc. No. 99.)

If a party files "specific written objections" to an R&R on a dispositive matter, the district judge must consider those objections and "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(2), (3); *see also* 28 U.S.C. § 636(b)(1).

The court has considered the plaintiff's Objections *de novo* and finds them to be without merit. He fails to show any error in the Magistrate Judge's analysis or his conclusion that the claims against the moving defendants should be dismissed for lack of personal jurisdiction, under the "purposeful availment" prong of the jurisdictional test applied in the Sixth Circuit. The cases on which the plaintiff relies are factually inapposite, and the "evidence" he cites does not establish that the moving defendants "purposefully avail[ed] [themselves] of the privilege of acting in [Tennessee] or causing a consequence in [Tennessee]." *AMB Media, LLC v. OneMB, LLC*, No. 23-5607, 2024 WL 2052151, at *3 (6th Cir. May 8, 2024) (quoting *Sullivan v. LG Chem, Ltd.*, 79 F.4th 651, 670 (6th Cir. 2023)). The Magistrate Judge also did not err in declining to consider the other prongs of the three-prong test the Sixth Circuit employs to address personal jurisdiction, because "[e]ach part of the *Mohasco* standard 'represents an independent requirement, and failure to meet any one of the three means that personal jurisdiction may not be invoked.'" *AMB Media, LLC*, 2024 WL 2052151, at *3 (first citing *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374 (6th Cir. 1968); and then quoting *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1303 (6th Cir. 1989)).

The plaintiff's alternative requests for jurisdictional discovery and to amend his pleading to allege additional facts to support personal jurisdiction are denied as futile. However, the plaintiff also requests that, in the alternative to dismissal, the court transfer the case to the Northern District of California under 28 U.S.C. § 1406(a). (Doc. No. 94 at 6.) The moving defendants agree that, if

the court concludes that transfer rather than dismissal is warranted, transfer to the Northern District of California is appropriate, because Meta's principal place of business is located in that district, and both Zuckerberg and Sandberg reside in California. (Doc. No. 99 at 12 n.5.)[1]

Even where personal jurisdiction over a defendant is lacking, the district courts have authority under 28 U.S.C. § 1406(a) to transfer rather than dismiss the case. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, . . . whether the court in which it was filed had personal jurisdiction over the defendants or not."); *see also* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a [federal district] court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action . . . could have been brought . . . ."). The Sixth Circuit appears to understand § 1631 "as creating a presumption in favor of transfer, especially when the [plaintiff] had 'some arguable basis for thinking that it appealed to the proper court.'" *Wesley Corp. v. Zoom T.V. Prods.*, 749 F. App'x 449, 450 (6th Cir. 2019) (citing *Stanifer v. Brannan*, 564 F.3d 455, 460 (6th Cir. 2009)).

Here, the plaintiff had at least an arguable basis for believing that this court had jurisdiction over the named defendants, and the parties agree that the case could have been brought in the United States District Court for the Northern District of California. The court finds it in the interests of justice to transfer rather than dismiss. Accordingly, the court will accept in part the R&R, insofar as it finds that the court lacks personal jurisdiction over the moving defendants, but reject it insofar as it recommends dismissal of the SAC. The court will deny in part and reserve in part the moving defendants' Motion to Dismiss (Doc. No. 84). The Clerk will be directed not to

---

[1] The plaintiff brings his request to transfer instead of dismiss for the first time in his Objections, so the Magistrate Judge was not called upon to consider whether transfer was warranted.

terminate the motion, leaving the defendants' challenges to the plaintiff's claims under Rule 12(b)(6) for resolution by the transferee court. Finding that transfer is warranted, the court also does not reach the plaintiff's Motion to Amend or the question of whether the plaintiff has shown good cause for failure to effect timely service of process on the John/Jane Doe defendants.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge